## Commonwealth v. Dubil.

*Libel—Criminal law—Charge of criminal act—Innuendo.*

1. Where an indictment for libel charges crime, the defamatory words must be alleged to apply to some ascertained or ascertainable person; an innuendo is not sufficient.

2. It is for the court to determine whether a publication is capable of the meaning ascribed to it by the innuendo.

3. If adultery is charged, the pleader must set out the offence with such a degree of particularity that the defendant by reading the information or the indictment will know at once exactly what offence he has to meet.

Motion to quash indictment. Q. S. Columbia Co., Sept. Sess., 1922, No. 34.

*W. S. Sharpless* and *C. W. Dickson,* for Commonwealth.

*W. E. Elmes* and *Edward J. Flynn,* for defendant.

POTTER, P. J., 17th judicial district, specially presiding, Feb. 5, 1923.—The defendant has been indicted on the charge of libel. A true bill has been found, and a motion to quash the indictment has been presented, the chief reason for so doing, and to which we shall chiefly address ourselves, being that no indictable offence is charged.

The alleged libelous writing is in a foreign language, just which one is not specified, the English translation of which is as follows:

> "Look here good people
> People what kind of person I am
> And where I studied
> And I have no merit by you this
> And I have been enriched by you. . . .
> And then I am now church-singer in Berwick
> And church-singer and teacher
> And every month I get check
> Like a protektor.
> When only Mary would be in good health,
> About all else I should not care and worry
> I will pray to God for her and my sins
>                         "PIG MOTYCZAK,
>                               "quier leader."

We have carefully examined this curious specimen of composition, and we think the position is well taken that the writing is not libelous.

The words of the alleged libel do not charge or impute to the prosecutor any act which imports criminality and for which he could be indicted: Com. v. Stacey, 8 Phila. 617, 618.

At the argument it was very ably contended that the writing imputed to the prosecutor the commission of the crime of adultery with one Mary Fedos. We fail to see any such meaning in it. Looking at the last three lines, which are as follows:

> "When only Mary would be in good health,
> About all else I should not care and worry
> I will pray to God for her and my sins."

A person by the name of Mary is mentioned. Mary who? Which Mary? There may be a dozen or more Marys in the neighborhood. Which one is meant?

The defamatory words must be alleged to apply to some ascertained or ascertainable person; an innuendo is not sufficient: Com. v. Harris, 5 Dist. R. 671; Com. v. Swallow, 8 Pa. Superior Ct. 539.

Then, again, there is no word in this writing that tends towards adultery. "For her and my sins" are the words used. What sins? We are not allowed to guess or conjecture when it comes to charging any one with a crime. The pleader must set out the offence with such a degree of particularity that the defendant, by reading the information or the indictment, will know at once exactly what offence he has to meet and with whom it is alleged to have been committed. The burden is always on the Commonwealth. In this case that was not done.

It is for the court to determine whether a publication is capable of the meaning ascribed to it by the innuendo: Com. v. Costello, 1 Dist. R. 745; Com. v. Wolfinger, 7 Kulp, 537. And words to the effect "should not the cheeks of parishioners burn with shame to keep a priest who at every step injures Polish efforts" are not libelous: Com. v. Haduch, 18 Luzerne Legal Reg. 478.

Other reasons are given for quashing the indictment, which, in view of our opinion herein expressed, it is unnecessary to discuss.

And now, to wit, Feb. 5, 1923, the motion to quash the indictment is sustained and it is accordingly quashed.

From R. S. Hemingway, Bloomsburg, Pa.